ACOSTA ET AL., RECURRENTES, v. EL REGISTRADOR DE ARECIBO, RECURRIDO.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Arecibo denegatoria de inscripción de una escritura de compraventa.

No. 476.—Resuelto en enero 13, 1921.

TRANSACCIÓN—VENTA DE BIENES DE MENORES.—Aunque el artículo 1712 del Código Civil no ha sido derogado por la Ley No. 33 de 1911, sin embargo, dicha ley hace aún más clara la falta de autoridad de los padres de menores no emancipados, a no ser que tengan previa autorización judicial, para vender bienes de éstos, cualquiera que sea su valor, aunque la venta haya sido hecha para llegar a una transacción.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. L. Mercader.*

El registrador recurrido, Sr. Emigdio S. Ginorio, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Consta de la escritura de este caso que ciertos menores tenían deudas contraídas con Hipólita Díaz Ruiz para pagar las cuales la madre de dichos menores vendió una parcela de terreno a la referida Hipólita Díaz Ruiz, alegándose que dicha parcela tenía un valor inferior a $500 e invocando la susodicha madre el precepto contenido en el artículo 1712 del Código Civil. El Registrador de Arecibo se negó a verificar la inscripción de la venta por no haber obtenido la madre la autorización de la corte, según dispone el artículo 229 del Código Civil como quedó enmendado por la Ley No. 33 de 1911 y la sentencia de este tribunal dictada en el caso de *Del Rosario* v. *Rucabado,* 23 D. P. R. 473.

Sostienen los recurrentes que cuando la cuantía es menor de $500 el padre, o en su caso la madre, siempre tienen facultad para transigir. El registrador, sin embargo, sostiene que el artículo 1712 quedó derogado por la Ley No. 33 de 1911. La ley enmendatoria del artículo 229 del Código Civil es como sigue:

"El ejercicio de la patria potestad no autoriza al padre ni la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de $500."

No estamos enteramente de acuerdo con el registrador en que el artículo 1712 ha sido derogado en lo que respecta a transacciones, pero sí convenimos con él en que dicha nueva ley prohibe cualquier enajenación de bienes inmuebles concerniente a menores sea o no hecha para llegar a una transacción. También nos inclinamos a creer que el registrador tiene razón al decir en su alegato que lo que aquí se trata de hacer realmente no era una transacción sino una venta. En su forma externa fué necesariamente una venta y como el artículo 1712 no otorgaba específicamente a los padres el derecho a proceder a hacer ventas no creemos que jamás tuvieron ellos derecho a enajenar bienes inmuebles sin el consentimiento de la corte. Dudamos también como ocurre al registrador si el acto que trató de ejecutarse por la madre en este caso cumplió * * * con los requisitos necesarios de una transacción legal.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.