F. Zayas, S. en C., demandante y apelada, *v.* Ramona, Pedro, Domingo, Blanca y Rosa Torres Arroyo, que se encuentran bajo la patria potestad de su madre Doña Tomasa Arroyo, demandados y apelados.

Núm. 7183.—*Sometido:* Junio 8, 1937. *Resuelto:* Junio 24, 1937.

*Angel Fiol Negrón* y *Luciano Colón,* abogados de los apelantes; *Fernando Zapater* y *Raúl Matos,* abogados de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La demanda interpuesta en este caso expone dos causas de acción, ambas sobre cobro de dinero, la primera por la suma de $655.76, y la segunda por $380.15. En una y otra se alega que doña Tomasa Arroyo, madre investida de patria potestad sobre los menores demandados, *autorizada por la Corte de Distrito de Ponce,* tomó en cuenta corriente a la sociedad mercantil demandante dinero y mercancías con el fin de proceder a levantar dos fincas propiedad de dichos menores que habían sido devastadas por el ciclón de San Felipe, que azotó esta Isla el día 13 de septiembre de 1928; y que ambas cuentas fueron liquidadas de conformidad entre las partes y el saldo de una y otra sometido a la aprobación de la Corte de Distrito de Ponce, la cual autorizó a la madre de los menores demandados a aceptar dichos saldos, los cuales permanecen insolutos. Se pide sentencia por la suma total de $1,035.91, más intereses, costas y honorarios de abogado.

Desestimada la excepción general de falta de causa de acción, los demandados radicaron su contestación negando todos los hechos esenciales de la demanda.

El presente recurso tiene por objeto la revocación de la sentencia dictada a favor de la sociedad demandante y en contra de los menores demandados, de acuerdo con la súplica de la demanda.

Se alega como base de este recurso que la sentencia es contraria a la prueba y contraria a derecho.

� Para sostener su alegación de que las deudas habían sido contraídas por la madre de los menores demandados, *con la autorización de la Corte de Distrito de Ponce*, la demandante ofreció en evidencia, con la oposición de los demandados, el récord del caso núm. 3814, sobre utilidad y necesidad, incoado por Tomasa Arroyo, Ex Parte, ante la Corte de Distrito de Ponce con fecha mayo 17, 1929. La peticionaria, madre de los menores, alegó en dicho expediente que los menores eran dueños de dos predios rústicos valorados en seis mil dólares; y que dichos menores se encontraban adeudando a don Francisco Zayas *por concepto de dinero suplido para refacción durante el último año (1928) y para el levante de las fincas con motivo de los destrozos del ciclón de San Felipe, la suma de $1,160.* Para levantar fondos para el pago de dicha deuda y para la construcción de una casa de máquinas, compra de vacas lecheras y otros gastos que se alegaba eran útiles y necesarios, la peticionaria solicitó autorización judicial para tomar a préstamo al Federal Land Bank of Baltimore la suma de $2,000. En apoyo de su petición se presentaron dos estados de cuenta, uno por $666.76 y con saldo de $655.76, y el otro por $380.15. Del primero aparece que la mayoría de los cargos, ascendentes a $390.99, fueron hechos con anterioridad al 17 de septiembre de 1928, fecha del ciclón, y que el resto de los cargos, por un total de $275.77, fueron hechos con posterioridad a dicha fecha. La otra cuenta se divide así: con anterioridad al ciclón: $339.42; posteriormente, $40.73. Del récord aparece que la corte de distrito, previa audiencia del fiscal, dictó sentencia declarando justificadas ambas deudas y también la necesidad y utilidad de las inversiones proyectadas y autorizando la contratación del préstamo. Este préstamo no fué nunca realizado.

En el citado expediente núm. 3814 la peticionaria madre de los menores declaró:

"Abogado: ¿Ustedes deben algo . . . . o no, ustedes tienen algunas deudas contraídas con motivo de los daños que le hizo el tem-

poral y para la reparación de esa finca le deben a alguien alguna cantidad?

"Peticionaria: Sí, señor.

"A.—¿A quién le deben, a Francisco Zayas le deben algo?

"P.—Se le debe una cantidad larga . . . una cosa así como mil pesos.

"Juez: ¿Usted está en la finca, señora?

"P.—Sí, señor.

"J.—¿Quién la administra?

"P.—La finca, pues la administra Ernesto Bodón."

Del récord aparece que Ernesto Bodón es el segundo esposo de Tomasa Arroyo y por tanto padrastro de los menores, y que Tomasa Arroyo es una mujer ignorante y analfabeto. En el acto del juicio ésta declaró que ella nunca abrió ni autorizó a nadie para abrir cuentas en la casa demandante a nombre de los menores; que las cuentas fueron abiertas por su marido Ernesto Bodón; que ella fué a declarar en el expediente de utilidad y necesidad porque Bodón la obligó, diciéndole lo que ella tenía que declarar; que Ernesto Bodón tiene dos queridas; que Bodón le hipotecó sus bienes y no le dió nada del importe de su hipoteca; que sus bienes—los de Tomasa Arroyo—están ahora en poder de los Pierazzi como consecuencia de la hipoteca hecha por Bodón.

La contención de los apelantes es que ni el padre ni la madre pueden contraer obligaciones a nombre de los menores, sin obtener previamente la autorización de la corte de distrito correspondiente; y que la aprobación *a posteriori* por dicha Corte no es legalmente suficiente para convalidar obligaciones contraídas sin su previa autorización.

El artículo 159 del Código Civil (1930) provee que el ejercicio de la patria potestad no autoriza al padre ni a la madre para enajenar o gravar los bienes de un menor, *sin previa autorización de la corte de distrito*. Parece lógico y justo sostener que si para la constitución de una hipoteca, que es una obligación subsidiaria, sobre bienes de menores, se necesita la autorización previa de la corte de distrito, esa

autorización· previa debe exigirse también como requisito. legal necesario para la validez de la obligación principal que ha de ser garantizada por la hipoteca. El legislador ha impuesto a las cortes de distrito la obligación de investigar y convencerse de la necesidad y utilidad, para el menor, de los actos o contratos que han de celebrarse en su nombre, antes de que dichas cortes puedan ejercitar la facultad que la misma ley les confiere para autorizar tales actos o contratos. Véanse artículos 614 a 616 del Código de Enjuiciamiento Civil (1933). Para sostener que el padre y la madre del menor pueden sin la previa autorización de la corte de distrito y sin la previa demostración de su utilidad o necesidad para el menor, tomar cantidades a préstamo y disponer a su arbitrio de dichas cantidades, y que esas obligaciones nulas *ab initio* pueden ser convalidadas por una aprobación judicial concedida *a posteriori,* sería preciso ignorar el espíritu de la ley y la clara intención del legislador, convirtiendo la intervención judicial en una hueca e ineficaz formalidad.

En el caso de *Longpré* v. *Díaz,* 237 U. S. 512, la madre del menor, sin la previa autorización de la corte de distrito, celebró un contrato de partición por virtud del cual se traspasó una propiedad a un acreedor en pago de deudas del caudal hereditario. Después de otorgado y protocolizado, el convenio fué sometido a la Corte de Distrito de Humacao, la que le impartió su aprobación, ordenando su inscripción en el Registro. Al declarar la nulidad de la transacción, la Corte Suprema Federal se expresó así:

". . . Y somos de opinión, además, que por las mismas razones resulta de una manera concluyente que el juez de la corte de primera instancia de Humacao carecía en absoluto de jurisdicción para aprobar los llamados procedimientos de partición voluntaria, y, por consiguiente, que tal sanción no podía crear derecho alguno."

■■ La corte inferior basó su sentencia en contra de los menores demandados, primero, en que en el expediente núm. 3814 la madre de los menores reconoció que éstos estaban

adeudando a la sociedad demandante las cantidades que ésta reclama; segundo, en que de la declaración de dicha testigo y de la del testigo Antonio Báez resulta que las cuentas existieron *y que las provisiones fueron efectivamente tomadas;* y tercero, en que las declaraciones prestadas por la madre de los menores, en la vista del caso, al efecto de que las cuentas fueron abiertas por el padrastro de los menores y que éste obligó a la madre de aquéllos a declarar como lo hizo en el citado expediente, no son bastantes para destruir la declaración prestada por Tomasa Arroyo en el expediente sobre autorización judicial.

Hemos hecho un cuidadoso estudio de las alegaciones y de la evidencia, tanto en el expediente de utilidad y necesidad como en el caso de autos. Las incongruencias entre lo alegado y lo aprobado en uno y otro caso son tan patentes como importantes. Y vamos a señalarlas.

1ª. En la demanda se alega que la madre de los menores, *autorizada por la corte de distrito,* tomó en cuenta corriente las cantidades que reclama la demandante; y el expediente de utilidad y necesidad demuestra fuera de toda duda que las deudas fueron contraídas sin la autorización judicial.

2ª. En el expediente y en la demanda se alega que las sumas reclamadas por la demandante fueron tomadas por la madre de los menores *con el fin de proceder a levantar las fincas propiedad de dichos menores que fueron devastadas por el ciclón de San Felipe;* y los estados de cuenta presentados por la propia demandante demuestran que $730.41 de los $1,035.91 reclamados fueron tomados con anterioridad a la fecha en que ocurrió el citado ciclón. No aparece del récord prueba alguna que establezca el hecho de que las sumas tomadas con posterioridad a la fecha del ciclón se emplearan en levantar las fincas de los menores.

3ª. Ni en el expediente ni en la demanda se alegó que las cantidades reclamadas correspondieran al importe de provisiones suministradas para el sostenimiento de los menores. La prueba testifical presentada en el expediente de utilidad

y necesidad y en la vista del caso de autos tendió a establecer ese hecho, pero ni en uno ni en otro caso se presentó prueba alguna en cuanto a la naturaleza, cantidad y precio de las provisiones suministradas a los menores. Los estados de cuenta presentados en evidencia contienen solamente las fechas y el importe total de cada factura, sin ninguna otra especificación o detalle.

El testigo Antonio Báez, a quien la corte sentenciadora parece haber dado entero crédito, trabajaba en la finca de Tomasa Arroyo desde fecha en que aún vivía Domingo Torres, primer esposo de dicha señora y padre de los menores. Báez declaró así: Que él era el que iba a casa de Zayas a buscar provisiones todos los viernes; que Ernesto Bodón era quien lo enviaba con cargas de productos de la finca; que él vendía los frutos y le entregaba el dinero a Bodón; que las compras en casa de Zayas las hacía por cuenta de Bodón; que él, el testigo, acostumbraba hacer tres compras, de las cuales entregaba una a Amalia y otra a Josefa, ambas queridas de Bodón, y la tercera a Tomasa Arroyo; que ésta era rica cuando vivía su primer marido y que cuando se le acabaron los chavos Bodón la abandonó. Y al preguntarle el Juez que dónde estaba Bodón ahora contestó: "Bodón está con una finca por allá, porque sí sacó para otra finca; está echado, está comiendo, está bebiendo y la mujer ha tenido que estar pidiendo un gajo de guineos, y él está comiendo y bebiendo, está con su buena finca en el Barrio de Monte Llanos."

La declaración de este testigo, a nuestro juicio ingenua y veraz, pinta con vivos colores la situación de estos menores. Hijos de una mujer ignorante, sus bienes y los de la madre son administrados por el padrastro, quien dispone de los frutos, recibe el precio de los mismos y no rinde a nadie cuenta de su administración. Es cierto que el padrastro ordenaba provisiones en casa de la sociedad demandante, pero es cierto también que esas provisiones se distribuían entre el hogar de los menores y los de las dos queridas que sostenía

Bodón. La prueba no demuestra si lo que se cobra ahora a los menores demandados es solamente lo que se entregó a ellos para su manutención o si las cuentas presentadas en evidencia incluyen también las mercancías y provisiones entregadas a las concubinas del padrastro. Y ante una prueba tan deficiente es nuestro deber resolver que la sentencia recurrida es insostenible.

La corte inferior erró al considerar como prueba concluyente de la reclamación la sentencia dictada ex parte en el expediente de utilidad y necesidad. Los menores demandados no están impedidos en manera alguna para atacar la suficiencia de la prueba que sirvió de base a dicha sentencia. Y esa prueba era a nuestro juicio claramente insuficiente para sostener la reclamación de la demandante como una obligación exigible a los menores aquí demandados.

*Somos de opinión que la prueba aducida por la demandante es insuficiente para justificar la sentencia recurrida y que ésta debe ser revocada.*

El Juez Asociado Señor Córdova Dávila no intervino.