Oscar Alvarez Soto, recurrente, *v.* Registrador de la
Propiedad de Caguas, recurrido.

Núm. 1203.—*Sometido:* Enero 13, 1947. *Resuelto:* Marzo 13, 1947.

*Andrés Mena,* abogado del recurrente;. el registrador recurrido no
compareció.

El Juez Asociado Señor Snyder emitió la opinión del tri-
bunal.

El Pueblo de Puerto Rico se adjudicó en subasta por
contribuciones un solar y casa pertenecientes, aparentemente,
a la sociedad de gananciales que el recurrente tenía con su
esposa. Posteriormente el recurrente por derecho propio y
como padre con patria potestad sobre su hija menor no
emancipada, tomó a préstamo a Librada Rodríguez la suma
de $337.86 para poder redimir la propiedad. Redimió la pro-
piedad inscribiéndose ésta a su nombre. A tenor con la de-
claratoria de herederos hecha con motivo del fallecimiento de
la esposa del recurrente, se inscribió la propiedad a nombre
del recurrente como cónyuge viudo y de su hija menor antes
mencionada en la proporción de una mitad indivisa para
cada uno. Esta inscripción se hizo dos meses después de
que el recurrente otorgara una escritura ante notario por
la que vendía a Librada Rodríguez (*a*) por derecho propio

la mitad indivisa que tenía en la propiedad por la suma de $250 y (b) como padre con patria potestad sobre su menor hija, por la suma de $250, la mitad indivisa que tenía su hija menor en la propiedad. Decía la escritura que el traspaso de estas participaciones se hacía por vía de transacción en evitación de pleitos y reclamaciones que pudieran perjudicar a su hija menor por la deuda contraída con la señora Rodríguez para pagar el precio de redención de la finca.

El recurrente presentó este recurso para revisar la nota del registrador denegando la inscripción de la referida escritura de transacción por el fundamento de que el padre de la menor no había dado cumplimiento a las disposiciones del artículo 159 del Código Civil referente a la enajenación o gravamen de bienes de menores. Alega el recurrente que apareciendo de dicha escritura que la consideración para la transacción en cuanto a los bienes de la menor se refería fué de $250, no precisaba la autorización judicial para la misma, por cuanto el padre puede, de acuerdo con el artículo 1710 del Código Civil, transigir sobre bienes de los hijos bajo su patria potestad si el valor del objeto sobre el que recae la transacción no excede de $500.

No es necesario detenernos a analizar (a) si el padre tomó el dinero a préstamo sin la previa autorización judicial y (b) la posible nulidad de su actuación si no obtuvo dicha autorización. *F. Zayas, S. en C.* v. *Torres,* 51 D.P.R. 796. Hechos similares a los del presente caso fueron considerados por este Tribunal en *Acosta* v. *Registrador,* 29 D.P.R. 9, como constitutivos de una venta y no de una transacción. De igual manera que el caso de *Acosta,* independientemente de la fraseología empleada, los hechos demuestran una venta en la que la compradora canceló, como parte del precio de venta, la deuda que con ella tenía contraída la menor.

*Procede la confirmación de la nota recurrida.*