Francisco Vilariño Martínez, etc., recurrente, *v.* El Registrador de la Propiedad de Ponce, recurrido.

*Número:* G-63-2          *Resuelto:* 17 de diciembre de 1963

*Práxedes Álvarez Leandri,* abogado del recurrente; el Registrador recurrido compareció por escrito.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Francisco Vilariño Martínez es el padre con patria potestad sobre su menor hijo Francisco Vilariño Rodríguez. La Ponce Real Estate Corp. de la cual es secretario el Sr. Vilariño Martínez, concedió un préstamo personal al menor Vilariño Rodríguez para la adquisición de una casa y solar, según acuerdo de la Junta de Directores de dicha corporación, que en lo pertinente dispone:

"Se autoriza al Sr. Pedro Santiago, Presidente de la Ponce Real Estate Corp., a concederle un préstamo personal al menor Francisco Vilariño Rodríguez, representado por su padre con

patria potestad, Don Frank Vilariño Martínez, por la suma de Cinco Mil Setecientos Dólares ($5,700.00) para comprar el Solar número Diez-B- del bloque "E" de la Urbanización Villa Grillasca en el Barrio Canas de Ponce, con un área de 237.50 metros cuadrados, con su casa de concreto armado, de una sola planta, con techo de azotea y piso de lozas del país, consistiendo de tres dormitorios con sus closets, sala y comedor en una sola unidad, cocina con su closet, cuarto de baño y balcón. El principal adeudado será pagado a la Ponce Real Estate Corp., en su domicilio, a razón de Cincuenta Dólares ($50.00) mensuales, descontándose los intereses al tipo convenido, y el remanente para abonar al principal adeudado hasta dejar definitivamente satisfecho o pagado el préstamo."

Mediante la escritura número 810 otorgada en San Juan el día 9 de septiembre de 1960 ante el notario Francisco Castro Amy, el menor Vilariño Rodríguez, representado por su padre, adquirió por compra y por precio de $5,700 de don Julián H. Zimmerman, como Federal Housing Commissioner, la propiedad descrita en el acuerdo de la Junta de Directores de la Ponce Real Estate Corp. copiado anteriormente.

Presentada dicha escritura en el Registro de la Propiedad de Ponce, el Registrador notificó al presentante defectos que impedían la inscripción y transcurrido el término legal correspondiente, procedió a devolver toda la documentación, tomando nota de suspensión por 60 días al margen del asiento de presentación, en los siguientes términos:

"Devuelto este documento y suspendida la inscripción del mismo, por no haberse acompañado la correspondiente autorización judicial requerida para la transacción efectuada por el mismo, de conformidad con las disposiciones de los Códigos civil, Art. 159, y, de Enjuiciamiento civil, Art. 614 al 616, que regulan la materia, extendiéndose en su lugar nota de suspensión por sesenta días, según lo dispone la ley número setenta y tres de veinte y tres de junio de mil novecientos cincuenta y ocho. Ponce, a 19 de septiembre de 1962."

Al solicitar que revoquemos la transcrita nota, el recurrente sostiene que no era necesaria la previa autorización judicial del Tribunal Superior para llevar a efecto la transacción por la cual el menor adquirió el inmueble, libre de cargas y condiciones onerosas.

No tiene razón el recurrente. El Art. 159 del Código Civil (31 L.P.R.A. sec. 616) dispone que el ejercicio de la patria potestad no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de quinientos dólares, pertenecientes al hijo, y que estén bajo la administración de aquéllos, sin previa autorización de la Sala del Tribunal Superior del lugar en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o gravamen, y de acuerdo con lo dispuesto en la ley referente a procedimientos legales especiales.

■ El procedimiento para obtener autorización sobre derechos y bienes de menores lo establecen los Arts. 614 al 616 del Código de Enjuiciamiento Civil (32 L.P.R.A. secs. 2721 a 2723).

Al interpretar estas disposiciones procesales, y precisar su alcance y luego de compararlas con las disposiciones vigentes antes del 1911, dijimos en el caso de *Amy Ramú* v. *Sucn. Verges*, 37 D.P.R. 49, 63 (1927), citado con aprobación en el de *Lókpez* v. *Fernández*, 61 D.P.R. 522, 556 (1943), lo siguiente:

"El fin obvio de estas disposiciones más recientes no fue meramente restablecer las reglas prescritas por las leyes en vigor al tiempo de adoptarse nuestro Código de Enjuiciamiento Civil actual y suplir las omisiones del mismo, sino también para proveer protección adicional para los derechos de los menores, confiriendo a la corte y a los fiscales poderes que no tenían e imponiéndoles deberes y responsabilidades que no existían bajo el Código Civil español y su sistema de procedimiento. De lo contrario no habría necesidad, ni podría darse una explicación satisfactoria, de la modificación hecha en tales leyes, y el hecho de esa modificación es por sí mismo evidente.

"El efecto de estos cambios en lo que al dominio de la corte sobre el ejercicio de la patria potestad se refiere, *ha sido reducir la autoridad paterna al mismo nivel general que la de un tutor o defensor.*" (Subrayado nuestro.)

Una vez más debemos ratificar la anterior doctrina. Los tutores no están autorizados para tomar dinero a préstamo a nombre de sus pupilos sin la previa autorización judicial. Art. 212 del Código Civil (31 L.P.R.A. sec. 786). Tanto los padres como los tutores necesitan la previa autorización judicial para la colocación o inversión que haya de darse a la cosa que el menor o incapaz, obtuviere, mediante el acto o contrato, a que debe referirse la autorización. Art. 614 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2721).

■ Se alega por el recurrente que el Art. 159 del Código no prohibe a los padres tomar dinero a préstamo a nombre de sus hijos menores bajo su patria potestad, sin autorización judicial. Ello es así si nos ceñimos estrictamente a la letra de dicho precepto; pero si consideramos el propósito que ha perseguido el legislador en cuanto a la protección por parte de los tribunales de los intereses de los menores establecida tanto en el referido artículo como en los de procedimiento para obtener autorización sobre los derechos y los bienes de los menores, nos veremos obligados a concluir que es indispensable y necesaria la previa autorización judicial para que un padre pueda tomar dinero a préstamo a nombre de su hijo menor de edad. De lo contrario, podrían perjudicarse los intereses de los menores, mediante el procedimiento de sujetar los bienes del menor al pago de obligaciones prestatarias contraídas a su nombre por su padre. En esta forma se podría lograr indirectamente, lo que la ley prohibe directa y expresamente. Contraído el préstamo y no satisfecho según convenido, respondería de su pago todos los bienes del prestatario pues como bien apunta el Registrador, el Art. 1811 del Código Civil (31 L.P.R.A. sec. 5171) dispone que "del cumplimiento de las obligaciones responde el deudor con todos sus

bienes presentes y futuros". Una venta judicial de bienes del menor en ejecución de la sentencia dictada en su contra, en virtud de la deuda prestataria, priva a dicho menor de sus bienes mediante venta forzosa sin que haya habido una previa determinación judicial sobre la necesidad y utilidad para el menor del negocio realizado a su nombre por su padre y cuyas consecuencias, según hemos ilustrado, son una venta o enajenación forzosa de sus bienes muebles o inmuebles. En esta forma indirecta se logra que el padre venda o enajene bienes inmuebles de su hijo menor sin autorización judicial, en abierta violación del Art. 159 del Código Civil y los ya citados del Código de Enjuiciamiento Civil.

Refiriéndonos a las limitaciones que al ejercicio de la patria potestad impone la ley, dijimos en *F. Zayas, S. en C.* v. *Torres*, 51 D.P.R. 796, 799 (1937):

"El artículo 159 del Código Civil (1930) provee que el ejercicio de la patria potestad no autoriza al padre ni a la madre para enajenar o gravar los bienes de un menor, *sin previa autorización de la corte de distrito.* Parece lógico y justo sostener que si para la constitución de una hipoteca, que es una obligación subsidiaria, sobre bienes de menores, se necesita la autorización previa de la corte de distrito, esa autorización previa debe exigirse también como requisito legal necesario para la validez de la obligación principal que ha de ser garantizada por la hipoteca. El legislador ha impuesto a las cortes de distrito la obligación de investigar y convencerse de la necesidad y utilidad, para el menor, de los actos o contratos que han de celebrarse en su nombre, antes de que dichas cortes puedan ejercitar la facultad que la misma ley les confiere para autorizar tales actos o contratos. Véanse artículos 614 a 616 del Código de Enjuiciamiento Civil (1933). Para sostener que el padre y la madre del menor pueden sin la previa autorización de la corte de distrito y sin la previa demostración de su utilidad o necesidad para el menor, tomar cantidades a préstamo y disponer a su arbitrio de dichas cantidades, y que esas obligaciones nulas *ab initio* pueden ser convalidadas por una aprobación judicial concedida *a posteriori,* sería preciso ignorar el espíritu de la

ley y la clara intención del legislador, convirtiendo la intervención judicial en una hueca e ineficaz formalidad."

Aunque en este caso el préstamo concedido al menor no fue garantizado con hipoteca sobre el inmueble que adquirió con el producto del préstamo, no por ello, según vimos antes, queda exenta de responsabilidad dicho inmueble y cualesquiera otros del menor, por las obligaciones contraídas por su padre a su nombre.

Este caso es ilustrativo de la sabiduría de los preceptos legales que imponen a los tribunales la obligación de investigar y convencerse de la necesidad y utilidad, para el menor, de los actos o contratos que han de celebrarse a su nombre. Asumimos que el padre en este caso ha realizado un negocio, que a su juicio, es útil y conveniente para su hijo. Esta determinación, sin embargo, correspondía a los tribunales y no al padre. Algunas de las preguntas que éste vendría obligado a contestar en un procedimiento de autorización judicial, serían, ¿qué tipo de interés se pactó en el contrato de préstamo? ¿con qué medios cuenta el menor para satisfacer el principal del préstamo en la forma pactada? ¿qué riesgos hay de que el menor no pueda cumplir con esa obligación, y exponga así al cumplimiento de la misma tanto el inmueble adquirido como sus demás bienes, si los tuviere ahora o los que adquiera en el futuro?

En cuanto a la propiedad comprada, se notará que la misma está sujeta a cargas reales (servidumbre) que el menor acepta y que además el comprador exonera de responsabilidad a la vendedora por defectos ocultos o aparentes o de cualquier naturaleza en la casa objeto del contrato, o en los sistemas eléctricos o de plomería de la misma. Aunque estas circunstancias, tal vez no militen contra la utilidad y necesidad del negocio hecho por el padre a nombre de su hijo, correspondía su comprobación al Tribunal.

*En su consecuencia resolvemos, que no habiéndose presentado al Registro documentos acreditando la previa autoriza-*

*ción judicial de los actos ejecutados por el padre a nombre del menor, la nota del Registrador será confirmada.*