José Collazo Bracero, recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

Núm. 1051.—*Sometido:* Junio 13, 1939. *Resuelto:* Julio 29, 1939.

 

 

*Buenaventura Esteves,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

José Collazo Bracero entabló una acción contra la sucesión de José Soto Vélez en la Corte de Distrito de Aguadilla para recobrar la suma de $2,873.10. En aseguramiento de sentencia fueron embargadas 71.75 cuerdas propiedad de la sucesión demandada. Mientras se ventilaba el caso en la corte de distrito las partes llegaron a un arreglo. Debido a que entre los herederos había menores se sometió a la corte de distrito un proyecto de transacción para poner término al litigio. Dentro del procedimiento se presentó una solicitud de acuerdo con el artículo 80 de la Ley de Procedimientos Legales Especiales (Artículo 614 del Código de Enjuiciamiento Civil de 1933) para que dicha corte de distrito, previa intervención del fiscal, aprobara la transacción, y también para que autorizara la permuta de ciertas propiedades entre el presente peticionario José Collazo Bracero y la sucesión demandada compuesta por los menores y la madre de éstos. A dicho fin se libró una resolución por la corte de distrito.

Dicha resolución disponía que la finca de 71.75 cuerdas, con un valor de $8,054.78, fuera traspasada al peticionario, a cambio de la cual los herederos demandados recibirían (en pago de cierta diferencia entre el valor de dicha finca y el montante de la deuda reclamada a más de otras cargas) otra finca de 10 cuerdas propiedad del peticionario.

El peticionario trató de inscribir la finca así adquirida por él en el registro de la propiedad, pero el registrador rehusó

la inscripción debido a que la transacción aprobada por la corte equivalía a una enajenación de dicha finca que no podía verificarse sin una venta previa en pública subasta, según disposición de la ley, por ser la finca propiedad de menores.

■ Se alega por el peticionario, primeramente, que un traspaso por medio de venta, según la Ley de Procedimientos Legales Especiales, requiere una subasta pública, mas no así una permuta; en segundo lugar, que la escritura de permuta en cuestión se ajusta a lo que exige la ley, puesto que se había obtenido previamente autorización de una corte de distrito competente con la intervención del fiscal.

¿Es la intención de la ley que bienes de menores requieran para su enajenación siempre una subasta pública? No creemos que lo sea. Dice la ley (artículo 614 del Código de Enjuiciamiento Civil de 1933):

"Artículo 614. En todos los casos en que según el Código Civil necesitan los padres o el tutor de un menor o incapaz autorización judicial para actos o contratos que se refieren a la guarda de dicho menor o incapaz y de sus bienes, deberá presentarse la oportuna solicitud a la competente corte de distrito, haciendo constar en aquélla bajo juramento los particulares enumerados a continuación:

"1. * * * * * * *

"2. * * * * * * *

"3. * * * * * * *

"4. * * * * * * *

"5. En todo caso de venta de bienes inmuebles, y en el de bienes muebles, cuando el valor de éstos exceda de las cantidades señaladas en los artículos 229 (ahora 159) y 282 (ahora 212), inciso 5, del Código Civil, el precio que debe señalarse como tipo mínimo de la subasta pública de dichos bienes.

"6. Si la autorización se refiriese a la constitución de un gravamen sobre bienes inmuebles, la naturaleza y condiciones detalladas del gravamen.

"7. En caso de permuta de bienes inmuebles, o en el de su arrendamiento, por término mayor de seis años, las condiciones específicas del contrato."

La ley habla de subasta pública "en todo caso de venta," pero en casos de permuta la condición requerida es que se harán constar en la solicitud las condiciones específicas del contrato de permuta.

Vemos más adelante en el artículo 614 que cualquier duda que pudiera surgir queda disipada. Entre los particulares que deben constar en la solicitud hay el de:

"8. El nombre del adquirente del derecho que haya de transmitirse, salvo en el caso de enajenación en pública subasta."

Este inciso del artículo 614 pone de manifiesto que hay casos de enajenación que no son por medio de subasta pública. Estos casos son necesariamente los que surgen de los incisos 6 y 7 y a ellos es que se refiere el inciso 8.

El registrador está de acuerdo en que sería prácticamente imposible realizar permuta a través de subasta pública, y alega que por lo tanto bienes de menores no deben permutarse.

Es evidente que según la ley pueden permutarse bienes de menores, si la corte lo autoriza, y que no hay necesidad de una subasta pública. En realidad, como dice el registrador, la naturaleza de la permuta de bienes es incompatible con la venta en pública subasta.

El caso citado por el registrador, *Acosta* v. *Registrador*, 29 D.P.R. 9, no es aplicable al presente. En dicho caso se vendieron sin autorización de la corte bienes de menores.

En el caso que nos ocupa se ve, por la resolución de la corte, que se cumplieron todos los requisitos legales.

El registrador en su alegato levanta la cuestión de si la madre debió haber recibido una mitad de la finca adquirida puesto que la finca objeto del traspaso pertenecía en su totalidad a los hijos menores y la madre sólo tenía derecho a un usufructo en la misma. No podemos considerar este punto no habiendo sido uno de los fundamentos para denegar

*Debe revocarse la nota objeto del recurso.*

El Juez Asociado Sr. Travieso no intervino.