ANTONIO LUIS FERRÉ RAMÍREZ DE ARELLANO, ETC., ET AL., recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD, SECCIÓN DE MAYAGÜEZ, recurrido.

*Número:* O-79-298       *Resuelto:* 17 de octubre de 1979

*Parra, Del Valle & Frau* y *Olga Soler Bonnin,* abogados de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En las operaciones particionales de los bienes relictos al óbito de Lorenza Ramírez de Arellano de Ferré formalizadas en la escritura Núm. 11 de 21 diciembre, 1971 ante el notario Francisco Parra Toro, le fueron adjudicados a sus nietos, hijos del recurrente Antonio Luis Ferré, todos menores de edad y llamados María Luisa, Luis Alberto, Antonio Luis,

María Eugenia y María Lorenza, de apellidos Ferré Rangel, condominios proindivisos en cuatro fincas rústicas radicadas una de ellas en el término de Cabo Rojo y las demás en Mayagüez, por valor de $29,636.90 para cada adjudicatario, y en total $148,184.50, inscribiéndose dicha partición en el Registro de la Propiedad. En mayo de 1972 el padre de dichos menores compareció ante la Sala de Ponce del Tribunal Superior solicitando autorización judicial para permutar los referidos condominios inmobiliarios de sus cinco hijos por 296 acciones comunes para cada uno, o sea, un total de 1,480 acciones, de la corporación Alfra Investment Corporation[1] valoradas a $100 por acción para un total de $148,000, más la suma en dinero de $184.50. Hubo vista en la que se admitió prueba testifical y documental en apoyo de la petición, con participación del fiscal, que expresó no tener objeción a lo pedido, y el 26 mayo, 1972 el Tribunal dictó resolución autorizando al padre peticionario a llevar a cabo la permuta. La misma se efectuó mediante contrato entre el padre Antonio Luis Ferré en representación de sus hijos menores, y la corporación Alfra Investment representada por su tesorero Francisco J. Suárez, que consta en la escritura Núm. 7 de 20 junio, 1972 ante el mismo notario Parra Toro. Presentada esta escritura en el Registro de la Propiedad, Sección de Mayagüez, rehusó inscribirla el Registrador con la siguiente nota:

"Se devuelve el documento sin practicar inscripción por cuanto la transacción no constituye una permuta, de acuerdo con el inciso 7 del artículo 614 del Código de Enjuiciamiento Civil de Puerto Rico,

---

[1]Alfra Investment, según el párrafo 4to de la petición aprobada por el Tribunal, "es una corporación organizada y existente de acuerdo con las leyes de Puerto Rico, siendo los únicos accionistas de la misma y por tanto dueños de la totalidad de su capital pagado los cinco hijos menores de edad del aquí peticionario, siendo sus Directores y Oficiales los siguientes: Presidente, el peticionario; Vice-Presidenta, doña Luisa Rangel de Ferré (esposa del peticionario y madre de sus cinco hijos menores de edad); Secretario, Lcdo. Jorge Bartolomei; Tesorero y Sub-Tesorero, respectivamente, los Sres. Francisco J. Suárez y Miguel G. Tello (Contables)".

por lo que la misma equivale a una enajenación que no puede verificarse sin subasta pública por disponerlo así la ley en su artículo 616 por ser los condominios permutados propiedad de menores; tomándose en su lugar anotación preventiva por 60 días al margen del asiento de presentación número 479, folio 240 del Diario 353.— Mayagüez, Puerto Rico, a 30 de mayo de 1979."

Atendemos ahora al recurso gubernativo contra la denegatoria del Registrador.

El Art. 159 del Código Civil, 31 L.P.R.A. sec. 616, en su primer párrafo y luego de su más reciente enmienda por Ley Núm. 10 de 21 de julio, 1977, ordena:

"El ejercicio de la patria potestad no autoriza a ninguno de los padres para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de dos mil (2,000) dólares, pertenecientes al hijo, y que estén bajo la administración de ambos o de cualquiera de ellos, sin previa autorización de la Sala del Tribunal Superior en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o del gravamen, y de acuerdo con lo dispuesto en la ley referente a procedimientos legales especiales."

Y el Art. 80 de la Ley de Procedimientos Especiales de 9 marzo 1905, hoy Art. 614 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2721, dispone en lo pertinente:

"En todos los casos en que según el Código Civil, Título 31, necesitan los padres o el tutor de un menor o incapaz autorización judicial para actos o contratos que se refieren a la guarda de dicho menor o incapaz y de sus bienes, deberá presentarse la oportuna solicitud a la sala competente del Tribunal Superior, haciendo constar en aquélla bajo juramento los particulares enumerados a continuación:

.    .    .    .    .    .    . .    .

5. En todo caso de venta de bienes inmuebles, y en el de bienes muebles, cuando el valor de éstos exceda de las cantidades señaladas en las secs. 616 y 786, inciso 5, del Título 31, el precio que debe señalarse como tipo mínimo de la subasta pública de dichos bienes.

.    .    .    .    .    .    .    .

7. En casos de permuta de bienes inmuebles, o en el de su

arrendamiento, por término mayor de seis años, las condiciones específicas del contrato."

No todos los actos de enajenación de bienes de menores requieren celebración de subasta. La permuta y el arrendamiento de bienes inmuebles están excluidos en el Art. 614(7), toda vez que el anterior inciso 5 establece dicho requisito para los casos de *venta*. En lo referente al contrato de permuta así lo ha resuelto este Tribunal en *Collazo* v. *Registrador*, 55 D.P.R. 445, 448 (1939). La contención del Registrador recurrido es que la exclusión expresada en dicho inciso 7 como "permuta de bienes inmuebles" aplica cuando son inmuebles los bienes intercambiados por una y otra parte, como en *Collazo*, supra, mas no en el presente caso en que el bien de la corporación contratante en la permuta consiste en acciones de capital que se consideran bienes muebles.[2] Tal criterio restringe indebidamente la figura jurídica de la permuta que según el Art. 1335 del Código Civil, 31 L.P.R.A. sec. 3742, admite su integración en parte por dinero, y cuyo contrato define el Art. 1428 (31 L.P.R.A. sec. 3981), llanamente como aquél "por el cual cada uno de los contratantes se obliga a *dar una cosa* para recibir otra." (Énfasis suplido.)

El Art. 159 del Código, en su exigencia al padre de licencia judicial para enajenar o gravar bienes de sus hijos, debe interpretarse restrictivamente, y no extensivamente. "[L]os preceptos de carácter adjetivo de la ley de Enjuiciamiento civil necesitan para su aplicación alguna base en el derecho sustantivo, y aquí esa base falta por completo . . ."[3] Las limitaciones de la facultad del padre para disponer de bienes de hijos menores de edad bajo su custodia no deben extenderse más allá de lo precisado en la ley, toda vez que por regla general no hay mejor defensor que el padre de los

---

[2]Art. 509, Ley de Corporaciones, 14 L.P.R.A. sec. 1509.
"Las acciones del capital en cualquier corporación se consideran bienes muebles . . . ."

[3]Manresa, *Comentarios al Código Civil Español*, 7ma ed. (1957), T. 2, pág. 69.

intereses de sus hijos, realidad que en nuestro Derecho civil surge a cada paso cuando se trata de imponer un stándard de cuidado, diligencia y gobierno responsable y que el Código identifica con el "buen padre de familia".

La base de regulación de los actos dispositivos sobre bienes de los hijos la encontramos en el Art. 1211 del Código, 31 L.P.R.A. sec. 3376, en su afirmación de que "ninguno puede contratar a nombre de otro sin estar por éste autorizado o sin que tenga por la ley su representación legal". Si el mandatario y el albacea convierten la ausencia física del mandante o testador en presencia jurídica con razonables limitaciones, no vemos razón para imponer un rigor que excede la letra del estatuto en la facultad del padre para gobernar los bienes de hijos bajo su patria potestad en una relación que distinto a aquéllas se caracteriza por el afecto, la responsabilidad moral y el sentido de protección de la prole que es impulso natural del lazo sanguíneo paterno filial. Ésta es la razón visible para que el Derecho civil español,[4] juzgando de mayor provecho para el bienestar general y para el libre flujo de bienes en el comercio, no exija justificación de utilidad o necesidad y autorización judicial en caso de enajenación de bienes *muebles* de menores, a pesar de que pueden ser la base de un gran patrimonio. El criterio de amplitud de las facultades del titular de la patria potestad se comprueba en las numerosas exclusiones del requisito de autorización judicial, la cual no es necesaria para la enajena-ción de bienes en la vía de apremio seguida ante la autoridad judicial, ni para otorgar escritura de retroventa por el padre en nombre de sus hijo menores, ni para la compra de bienes bajo condición impuesta al hijo comprador, por gravosa que sea; para la repudiación de herencia o legado, ni para admitir

---

[4]Art. 164 C.C.Esp.: "El padre o la madre, en su caso, no podrán enajenar los bienes inmuebles del hijo en que les corresponda el usufructo o la administración, ni gravarlos, sino por causas justificadas de utilidad o necesidad, y previa la autorización del Juez del domicilio, con audiencia del Ministerio fiscal, salvas las disposiciones que, en cuanto a los efectos de la transmisión, establece la Ley Hipotecaria."

un nuevo socio en una sociedad mercantil, ni cuando el testador deja a los menores, que no sean sus herederos forzosos, herencia o legado de importancia, dispensando de la obligación de obtener autorización judicial para su venta. *Zayas* v. *Rexach Const. Co. Inc.*, 103 D.P.R. 190, 197 (1974).

■ Señala el Registrador la falta de bilateralidad en este contrato de permuta por ser los propios menores dueños de los condominios, también únicos accionistas de la corporación Alfra Investment. Éste es uno de tantos desdoblamientos de la persona natural en la entidad corporativa, facilitados por la diferencia de personalidad jurídica, y que surte el efecto normal de transferir los inmuebles del dominio particular de los menores al de la corporación, recibiendo aquéllos acciones *adicionales* por el valor convenido expedidas el mismo día de otorgamiento de la escritura Núm. 7 de permuta según se hizo constar en su cláusula *segunda*.

■ No ha pasado desapercibida la deficiente alegación[5] de la causa que motiva la solicitud y la necesidad o utilidad para los menores de la propuesta permuta. Art. 614(3) y (4), Código de Enjuiciamiento Civil. Se aduce como razón de pedir que el padre no desea percibir el usufructo de los referidos bienes inmuebles de sus hijos y que ingresando los bienes en la corporación tiene ésta la opción de acumular

---

[5]Dicha alegación central aparece formulada en el párrafo 6to de la petición así:

"6—Que el peticionario entiende que dicha permuta es útil, conveniente y necesaria a los mejores intereses de sus menores hijos por razón de que de no traspasarse dichos bienes a la referida corporación, las rentas y frutos civiles, o sea el usufructo, que los bienes de dichos menores producirían corresponderían a sus padres mientras los tengan en su potestad y compañía de acuerdo con las disposiciones del Código Civil; en cambio, traspasados dichos bienes a la corporación Alfra Investment Corporation a cambio de acciones en la misma, si dicha corporación pagase dividendos anuales en efectivo a los menores en su carácter de accionistas de dicha corporación, dichos dividendos, por la razón antes apuntada, también corresponderían a sus padres mientras los tengan en su potestad y compañía, pero si la corporación por el contrario acumula beneficios hasta donde dicha acumulación sea permisible en ley o declara dividendos en acciones, dichos beneficios acumulados y dividendos en acciones aumentarían el valor y el número de las acciones de los menores y por tanto aumentarían sus respectivos capitales con el consiguiente beneficio para cada uno de ellos."

beneficios o declarar dividendos en acciones que aumentaría el capital de los menores. No satisfacen la norma de necesidad o utilidad proposiciones que sujetan los bienes de los menores a contingencias especulativas y a desarrollos hipotéticos en la actividad de la corporación. La licencia judicial para permutar bienes de menores debe basarse en hechos concretos que representan provecho, bienestar y necesidad para ellos. *Cf. Ex parte Montalvo*, 70 D.P.R. 462, 466 (1949). Sin embargo, nos limitamos a puntualizar la fragilidad de los fundamentos, sin considerarla a los efectos del recurso gubernativo por no ser objeto de la nota del Registrador.(⁶) Por otro lado, la sentencia de autorización judicial dictada con todos los requisitos procesales y favorecida por la presunción de regularidad, expresa que la misma está basada en la prueba testifical y documental, suficiente aseveración de que la evidencia amplió el fundamento de necesidad o utilidad hasta la exigida comprobación y salvó cualquier defecto en la exposición de particulares.

*Toda vez que procede la inscripción de la permuta, la nota del Registrador, será revocada.*

El Juez Presidente Señor Trías Monge y los Jueces Asociados Señores Torres Rigual y Negrón García no intervinieron.

---

(⁶)En un recurso gubernativo por regla general no se considera cuestión alguna no consignada por el Registrador como fundamento de la nota recurrida. Sec. 1, Ley de 1ro marzo, 1902 (30 L.P.R.A. sec. 1771). *Valentín r. Registrador*, 61 D.P.R. 218 (1942). *Colón & Cía., Inc.* v. *Registrador*, 88 D.P.R. 79 (1963); *Fajardo Cabassa* v. *Registrador*, 98 D.P.R. 187 (1969).