Urgell Cuebas, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El recurso de autos interesa la revisión de la sentencia emitida el 24 de febrero de 1999 por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Toa Alta. Mediante la misma, dicho tribunal declaró sin lugar la demanda instada por el apelante, Sr. Juan Jesús Ortega Vázquez, contra la Sra. Aurea E. Vargas Díaz, en la que solicitaba la anulación de un contrato de opción de compra. Procedemos a confirmar el dictamen apelado.
I
Los hechos que dan origen al caso de autos no están en discusión. El 14 de diciembre de 1992, el Sr. Juan J. Ortega Vázquez, en representación de su hermano, Sr. Rafael Ortega Vázquez y la esposa de éste, Sra. Iris García de Ortega, suscribieron un contrato de opción de compra con la Sra. Aurea E. Vargas Díaz. El objeto de la opción era comprar un solar de unos 3,930 metros cuadrados localizado en el Municipio de Toa Alta. No obstante, dicho solar no era propiedad exclusiva de la Sra. Vargas Díaz, sino que pertenecía también a sus hijos Grisela, Aracelis y Erick Joel Ramos Vargas.
*779 El precio pactado por la opción fue de cinco mil dólares ($5,000), y el precio total de la compraventa, quince mil dólares ($15,000). Según acordado por las partes, los $5,000 de la opción serían abonados al precio de compraventa una vez se ejerciera la misma. Ahora bien, por ser Erick Joel Ramos Vargas menor de edad, el contrato contenía una cláusula suspensiva según la cual la opción podría ser ejercida sólo si el tribunal autorizaba la venta judicial de la participación del menor. El contrato también tenía una condición resolutoria a los efectos de que si el tribunal concedía la autorización, el Sr. Rafael Ortega Vázquez tendría noventa (90) días, contados a partir de la notificación de ésta, para ejercer la opción. Si, en cambio, la autorización era denegada, el Sr. Rafael Ortega Vázquez y su esposa recibirían de vuelta los $5,000.
La Sra. Vargas Díaz realizó las gestiones necesarias para obtener la autorización del tribunal para vender la participación del menor Erick Joel. El Tribunal de Primera Instancia autorizó la venta en pública subasta de dicha participación, hecho que le fue notificado a los dueños de la opción el 21 de septiembre de 1993. El 1 de noviembre de 1993 se le envió al Sr. Rafael Ortega Vázquez, por correo certificado, el Aviso de Subasta sobre la participación del menor. Sin embargo, ni el Sr. Rafael Ortega Vázquez ni su esposa asistieron a la subasta que se celebró el 21 de diciembre de 1993. Tampoco ejercieron la opción dentro del plazo de noventa días que tenían para ello. Siendo así, la cláusula resolutoria del contrato dictaminaba que la Sra. Vargas Díaz podía retener los $5,000 dólares recibidos y que la opción vendida perdía su efectividad.
A pesar de ello, el 17 de abril de 1995, el matrimonio Ortega García vendió a su apoderado y aquí apelante, Sr. Juan J. Ortega Vázquez, los derechos sobre la opción de compra. Dicha compraventa quedó evidenciada mediante un documento suscrito en la ciudad de Nueva York, el cual fue posteriormente protocolizado en Bayamón, Puerto Rico, mediante escritura otorgada el 6 de mayo de 1995 ante el notario público, Ledo. Arruinar Velázquez Nazario.
El 3 de mayo de 1994, el Sr. Juan J. Ortega Vázquez instó en el Tribunal de Primera Instancia una demanda en la que alegó la nulidad del contrato de opción firmado por él, como apoderado, y la Sra. Vargas Díaz. Según el demandante, la cláusula del contrato que establecía el plazo de noventa días para ejercer la opción era ilegal “porque no se puede imponer una penalidad sobre la cual la parte afectada no tenía ni puede tener control... ”. Además, alegó que el contrato de opción era nulo porque la persona que lo otorgó no era la dueña de la totalidad del inmueble.
Luego de diversos trámites procesales, el Tribunal de Primera Instancia celebró la vista del caso en su fondo y dictó sentencia el 24 de febrero de 1998, declarando sin lugar la demanda. Según el tribunal, las cláusulas del contrato de opción impugnadas por el demandante no adolecían de vicio alguno, por lo que el mismo era válido y vinculante para las partes.
De esta sentencia apela ante nos el Sr. Juan J. Ortega Vázquez, quien imputa al tribunal apelado la comisión de cuatro (4) errores, dirigidos principalmente a impugnar la determinación de que el contrato en cuestión es válido.
II
Según el Sr. Ortega Vázquez, el Tribunal de Instancia incidió al: (1) no dejar sin efecto, alterar o modificar la “cláusula de penalidad” del contrato; (2) concluir que la controversia principal del caso giraba en tomo a una cesión de crédito; (3) darle validez a un contrato donde se prometía vender la participación hereditaria de un menor y (3) “darle validez a un contrato de opción de compra que contenía una cláusula de condición suspensiva donde se obliga a una parte sujeta a una penalidad [a] concurrir o asistir a una venta en subasta pública de una participación... hereditaria de un menor. ”
*780 Para comenzar, debemos señalar que el apelante no tiene derecho a llevar, en el caso de autos, la abción de nulidad de contrato. El Art. 1254 del Código Civil, 31 L.P.R.A. sec. 3513, dispone sobre este particular como sigue:
"Pueden ejercitar la acción de nulidad de los contratos los obligados principal o subsidiariamente en virtud de ellos. Las personas capaces no podrán, sin embargo, alegar la incapacidad de aquéllos con quienes contrataron; ni los que causaron la intimidación o violencia, o emplearon el dolo o produjeron el error, podrán fundar su acción en estos vicios del contrato." (Enfasis nuestro)
Fue el Sr. Juan J. Ortega Vázquez quien, actuando como apoderado de su hermano Rafael y la esposa de éste, suscribió el contrato de opción con la Sra. Vargas Díaz. Esta compareció por sí y en representación de sus hijos, uno de éstos menor no emancipado. Según se desprende del artículo antes reseñado, el Sr. Ortega Vázquez, quien tiene plena capacidad para contratar, no puede ahora alegar y ampararse en la alegada incapacidad de la Sra. Vargas Díaz para contratar o representar a sus hijos en un contrato. El derecho a impugnar el contrato es del incapaz y no del Sr. Ortega Vázquez. Además, no debemos olvidar que éste sabía que la Sra. Vargas Díaz era copropietaria, junto a sus tres hijos, del bien objeto de la opción y que, al firmar el contrato, ella lo hacía también en representación de éstos.
También, cabe señalar que al momento de suscribir el contrato, el Sr. Juan J. Ortega Vázquez no levantó objeción alguna al documento, ni a la comparecencia de la Sra. Vargas Díaz en representación de sus hijos. Más aún, luego de instada la demanda de nulidad de contrato, éste compró a su hermano los derechos sobre la opción. Las actuaciones del apelante son abiertamente contrarias a la norma jurídica de que a nadie le es lícito ir contra sus propios actos. Esta norma tiene fundamento y raíz en el principio general de derecho que ordena proceder de buena fe en la vida jurídica. La conducta contradictoria no tiene lugar en el campo del derecho y debe ser impedida. International Gen Elec. v. Concrete Bldrs. of P.R., 104 D.P.R. 871 (1976); Cervecería Corona. Inc. v. Commonwealth Ins. Co., 115 D.P.R. 345 (1984).
Por otro lado, las razones alegadas por el apelante para impugnar la validez del contrato de opción no ameritan la anulación del mismo. En primer lugar, y según surge del expediente ante nos, los hijos de la Sra. Vargas Díaz cuyas participaciones no fueron a subasta pública, fueron emancipados para que pudieran vender dichas participaciones. En cuanto al menor Erick Joel Ramos Vargas, su participación fue vendida en pública subasta, según lo autorizó el Tribunal de Primera Instancia. Es claro que se siguieron las disposiciones legales en cuanto a la venta de bienes de menores. Código Civil, Art. 159, 31 L.P.R.A. sec. 616; Código de Enjuiciamiento Civil, Art. 614, 32 L.P.R.A. sec. 2721; Ferré v. Registrador, 109 D.P.R. 148 (1979).
A la luz de estas consideraciones, resulta claro que el señalamiento de error según el cual el contrato de opción es inválido porque en el mismo “se prometía vender una participación de herencia de un menor de edad’’, es frívolo. El contrato suscrito no prometía vender la participación de ningún menor, sino que, al contrario, sujetaba la venta de la finca en cuestión a que el Tribunal de Primera Instancia autorizara la venta judicial de la participación del único menor no capacitado para el negocio jurídico en cuestión. Como bien señala el tribunal a quo, “esta cláusula tiene el propósito de proteger adecuadamente los derechos del menor, por lo que no podemos visualizar la ilicitud de la misma ”.
En segundo lugar, la cláusula del contrato según la cual la Sra. Vargas Díaz podía retener los $5,000 recibidos como pago de la opción si la misma no era ejercida en el plazo de noventa días, es perfectamente válida. Esta cláusula no es una cláusula penal, como alega el apelante. Simplemente se trata de una cláusula que establece el precio de la opción de compra.
*781 Dentro de un contrato, una cláusula penal establece una obligación distinta y separada de la obligación principal del acuerdo. Su propósito es sancionar el incumplimiento o el cumplimiento incompleto de la obligación principal. La misma sustituye la indemnización de daños y abono de intereses en caso de falta de cumplimiento, si otra cosa no se hubiere pactado. Código Civil, Arts. 1106-1109, 31 L.P.R.A. secs. 3131-3134. Sobre el particular, véase, además, Manuel Albaladejo García, Comentarios al Código Civil y Compilaciones Forales, T. XV, V. 2, Editorial Revista de Derecho Privado, Madrid, 1983, págs. 449-465.
El contrato de opción de compra, por otro lado, es un convenio por el cual una parte concede a la otra, por tiempo fijo y en determinadas condiciones, la facultad, que se deja exclusivamente a su arbitrio, de decidir respecto a la celebración de un contrato principal. Se trata de un contrato sui generis con sustantividad propia y perfiles específicos, muy similar al contrato de promesa unilateral de venta aceptada, del cual sólo lo distingue el requisito de la prima o el precio que pueda estipularse en este último por la adquisición del derecho a elegir dentro de cierto plazo entre la ejecución o el desistimiento de la compraventa proyectada. Pérez v. Sampedro, 86 D.P.R. 526 (1962); Del Toro Irizarry v. Blasini González, 96 D.P.R. 676 (1968); Rosa Valentín v. Vázquez Lozada, 103 D.P.R. 796 (1975). Son requisitos esenciales del contrato de opción: (a) concesión por una parte a la otra de la facultad de decidir sobre la celebración o no del contrato principal, sin obligación alguna de ésta (la prima, en su caso, es elemento accidental); (b) concesión de modo exclusivo; (c) por plazo cierto; y (d) sin otra condición que el propio juicio del optante. Rosa Valentín v. Vázquez hozada, supra.
Es menester recordar, además, que en Puerto Rico rige el principio de la libertad de contratación, según el cual las partes contratantes establecen los pactos, las cláusulas y las condiciones que tengan por convenientes, siempre que no sean contrarias a las leyes, la moral y al orden público. Código Civil, Art. 1207, 31 L.P.R.A. sec. 3372; Unisys v. Ramallo Brothers, 128 D.P.R. 842 (1991); CNA Casualty de P.R. v. Torres Díaz, 141 D.P.R. _ (1996), 96 J.T.S. 85; Arthur Young & Co. v. Vega, 136 D.P.R. _ (1994), 94 J.T.S. 75. Una vez median los elementos de consentimiento, objeto y causa necesarios para la existencia de un contrato, el mismo se convierte en la ley que rige entre las partes. Código Civil, Arts. 1044, 1213, 31 L.P.R.A. secs. 2994, 3391.
En el caso de autos, el apelante y sus representados pagaron $5,000 por una opción, prima que habría sido abonada al precio total de la finca si los optantes hubiesen ejercido su derecho a comprar en el plazo pactado. Al no hacerlo, aquella suma se convirtió en el precio pagado a la Sra. Vargas Díaz para que ésta no vendiera la finca opcionada a ninguna persona (fuera de los optantes) por noventa días. Una vez transcurrido el plazo sin que se ejerciera la opción, el apelante perdió todo derecho a reclamar sobre la finca o sobre los $5,000 pagados. El contrato de opción de compra era sencillo y claro en sus términos. No puede ahora el apelante negarse a cumplir aquello a lo que se obligó. Código Civil, Art. 1044, supra.
La discusión que antecede dispone de los señalamientos de error primero, tercero y cuarto. No es necesario que entremos a discutir el segundo señalamiento de error del apelante, según el cual incidió el tribunal a quo, al concluir que la controversia en el caso de autos giraba en tono a una cesión de crédito. Este señalamiento de error, además de ser claramente inmeritorio, es además irrelevante a la solución del recurso.
III
Por los fundamentos antes expuestos, se confirma la sentencia emitida el 24 de febrero de 1999 por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Toa Alta.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General