EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Armengol Igartúa Muñoz | Queja<br><br>2001 TSPR 13 |

Número del Caso: AB-2000-109

Fecha: 2/febrero/2001

Oficina del Procurador General:

                         Lcdo. Héctor Clemente Delgado
                         Procurador General Auxiliar

Abogado de la Parte Querellada:

                         Por Derecho Propio

Materia: Conducta Profesional

    Este documento constituye un documento oficial del Tribunal Supremo que está
    sujeto a los cambios y correcciones del proceso de compilación y publicación
    oficial de las decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**In re:**

**Armengol Igartúa Muñoz**

AB-2000-109

**Opinión del Tribunal emitida por el Juez Asociado SEÑOR REBOLLO LÓPEZ**

**San Juan, Puerto Rico, a 2 de febrero de 2001**

Conforme surge del Informe del Procurador General de Puerto Rico, la Sra. Ileana Lozano Sotomayor se interesó en comprar una residencia, ubicada la misma en la Urbanización Venus Gardens, Río Piedras, Puerto Rico, propiedad del Ingeniero Jorge E. Cancel Lugo. No estando en condiciones la Sra. Lozano Sotomayor, en esos momentos, de comprar la propiedad, las partes acordaron suscribir una opción de compra, por la suma de $5,000.00, comprometiéndose la Sra. Lozano Sotomayor a otorgar la escritura final de compraventa en el término de cuarenta y siete (47) días por la suma total de $140,000.00.

**A esos fines, las partes comparecieron a la oficina del Lcdo. Armengol Igartúa Muñoz <u>el sábado</u>**

<u>24 de junio de 2000</u>[1] --ubicada dicha oficina en el pueblo de Quebradillas-- informándole al mencionado notario de su interés en otorgar una escritura de opción de compra. En dicho día, la esposa del referido abogado notario actuó como secretaria legal, preparando en la computadora una <u>escritura pública</u> de opción de compra de seis (6) páginas, identificada dicha escritura como la número veinte (20) en el Protocolo de Instrumentos Públicos del notario Igartúa Muñoz.

Luego de que las partes leyeron la referida escritura, se procedió con la formalización de la misma mediante la iniciación, firma y sellado de dicha escritura pública. Los honorarios del notario, a razón de .5% del importe de la transacción, ascendieron a la suma de $700.00. La Sra. Lozano Sotomayor, además, le hizo entrega al notario Igartúa Muñoz de un cheque, por la suma de $232.00 con el propósito de que éste comprara, y cancelara, los sellos correspondientes al original de la escritura, la copia certificada y la inscripción en el Registro de la Propiedad.

Semanas más tarde, la Sra. Lozano Sotomayor se percató de que en la copia simple que le había sido entregada por el notario faltaba la página número cuatro (4) de la escritura otorgada. Al comunicarse con el Lcdo. Igartúa Muñoz, e informarle lo anterior, éste igualmente pudo notar que lo mismo sucedía respecto al original de la escritura obrante en su protocolo. Como consecuencia de ello, <u>el 20 de julio de 2000</u>, el notario se personó a la residencia de la Sra. Lozano Sotomayor, <u>en Río Piedras, Puerto Rico</u>, con una "nueva" página 4, con el propósito de que allí las partes iniciaran dicha página, lo cual se llevó a efecto.

El 9 de agosto de 2000, la Sra. Ileana Lozano Sotomayor se querelló, bajo juramento, de la conducta incurrida en este asunto por el abogado notario Armengol Igartúa Muñoz; en específico, en lo referente a los honorarios notariales, y gastos, en que tuvo que incurrir y a la forma en

---

[1] **Procede que se señale que, para esa fecha, el Lcdo. Igartúa Muñoz se desempeñaba como Director de la Oficina Regional de Arecibo del Departamento de Asuntos del Consumidor, <u>habiéndole sido alegadamente otorgadas las correspondientes dispensas</u>**

que se intentó subsanar, por el referido notario, la falta de la página cuatro (4) de la antes mencionada escritura de opción de compra. Remitimos el asunto a la Oficina del Procurador General de Puerto Rico para evaluación e informe.

El abogado notario Igartúa Muñoz ha comparecido en contestación al informe que nos rindiera el Procurador General. En su comparecencia, en síntesis, acepta que no utilizó el método correcto, prescrito por la Ley Notarial, para subsanar el extravío de la página de la escritura en controversia. En relación a los honorarios cobrados, y gastos habidos, en la transacción, aduce que, a la luz de las disposiciones pertinentes de la Ley Notarial de Puerto Rico, él podía haber cobrado hasta $1,400.00 --a razón del uno por ciento (1%) de la suma de $140,000.00-- y que sólo le cobró la mitad de dicha suma a la Sra. Lozano Sotomayor.[2] Ello no obstante, nos informa que él está en disposición de devolver los mismos, si este Tribunal así lo estima procedente.

Resolvemos.

I

Como certeramente señala el Procurador General de Puerto Rico, la subsanación de defectos en los documentos notariales se rige por las disposiciones del Artículo 29 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2047, el cual establece, en lo pertinente que:

> "...los defectos de que adolezcan los documentos notariales intervivos podrán ser subsanados, sin perjuicio de terceros, por las partes que hubiesen comparecido en el documento o por sus herederos o causahabientes <u>por medio de una escritura pública en que se haga constar el defecto, su causa y la declaración que lo subsanó.</u>" (Enfasis suplido.)

No hay duda alguna que el "defecto" de que adolecía la escritura de opción de compra que otorgara en el pueblo de Quebradillas el notario Igartúa Muñoz el 24 de junio de 2000 --esto es, la falta de una página de la misma-- <u>era un defecto que tenía que ser subsanado conforme las disposiciones del</u>

---

<u>para realizar trabajo de índole notarial fuera de horas laborables</u>.
[2] Como veremos más adelante, su posición a estos efectos es incorrecta.

antes citado Artículo 29 de la Ley Notarial de Puerto Rico. Esto es, actuó incorrectamente, el notario Igartúa Muñoz al intentar subsanar el defecto mencionado, varias semanas después del otorgamiento de la escritura, mediante la obtención de las iniciales de los comparecientes en la página que faltaba, ello con el propósito de intercalar la misma en el original de la escritura pública otorgada.[3]

Por otro lado, procede que se enfatice el hecho que la fijación de las iniciales de los otorgantes, en la página cuatro (4) de la escritura de opción de compra, se llevó a cabo en Río Piedras, y no en Quebradillas, Puerto Rico. Esa actuación del notario violenta las disposiciones del Artículo 28 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2046, el cual requiere que las iniciales, y las firmas, de los otorgantes de un instrumento público se plasmen en el documento, en presencia del notario, dentro del mismo día natural del otorgamiento del mismo.

Debe recordarse que la omisión de tomar la firma e iniciales en un instrumento público, además de ser una falta notarial grave y una violación a la fe pública de que están investidos los notarios, puede ser causa de nulidad de dicho instrumento. In re: Sixto Moreira Avillán, Op. del 13 de noviembre de 1998, 147 D.P.R.__(1998). Hemos resuelto, además, que la falta de la firma del notario, e iniciales de los comparecientes, en una escritura pública es una omisión que puede acarrear severas sanciones disciplinarias

---

[3] Debe mantenerse presente que en el otorgamiento de la escritura pública de opción de compra, el día 24 de junio de 2000, en Quebradillas, Puerto Rico, el notario Igartúa Muñoz dio fe de lo siguiente:

> "Leída en alta voz esta escritura a los otorgantes por mi el Notario, y también leída personalmente por ellos, se ratifican en la misma, fijan sus iniciales al margen izquierdo de todos y cada uno de los folios y firman cada uno de los comparecientes al final del último, ante mi, el Notario, que de todo lo que consigno en el presente documento DOY FE." (Enfasis suplido.)

Esta aseveración, hecha el 24 de junio de 2000, no es correcta; en otras palabras, el notario dio fe de algo que realmente no sucedió ese día.

contra el notario otorgante. <u>In re: Nelson E. Sánchez Quijano</u>, Op. del 7 de junio de 1999, 148 D.P.R.__(1999).


II

En lo referente al aspecto de la queja radicada por la Sra. Lozano Sotomayor contra el notario Igartúa Muñoz, relativa al cobro alegadamente excesivo de honorarios por parte de éste, la quejosa señala que considera exhorbitante la suma de $700.00 que le fueron cobrados en relación con una opción de compra de $5,000.00 por un término de cuarenta y siete (47) días. Señala, además, que el notario le requirió la suma de $232.00, por concepto de sellos, en dicha transacción; una que necesariamente <u>no</u> tenía que ser anotada en el Registro de la Propiedad.

A los notarios, por ser abogados, les cubre el Código de Etica Profesional.[4] En otras palabras, el notario <u>no</u> sólo viene en la obligación de cumplir con la Ley y el Reglamento Notarial <u>sino que</u> también viene obligado a cumplir con las disposiciones del Código de Etica de los abogados.

**No hay duda, en consecuencia, del hecho que, en nuestra jurisdicción, tanto los abogados como los notarios vienen en la obligación de cobrar <u>honorarios razonables</u> por los servicios que prestan a sus conciudadanos.[5] Debe recordarse que la práctica de la abogacía, y de la notaría, <u>conlleva una seria y delicada función ciudadana pues la misma representa servicio, ética y ejemplo</u>; esto es, el abogado <u>no</u> es meramente un "comerciante del derecho" que presta unos servicios exclusivamente a cambio de recibir unos honorarios.[6]**

**Específicamente en cuanto a los hechos del caso que hoy ocupa nuestra atención, no podemos olvidar que, en nuestra jurisdicción, el notario es un profesional del Derecho que:**

---

[4] **Urrutia de Basora, Cándida R. & Negrón Portillo, Luis, <u>Curso de Derecho Notarial Puertorriqueño</u>, Segunda Edición, 1999, a las páginas 196-197.**

[5] **Los honorarios de los notarios, de ordinario, están fijados por la Ley Notarial de Puerto Rico.**

[6] **<u>Ramos Acevedo</u> v. <u>Tribunal Superior</u>, 133 D.P.R. 599, 613 (1993).**

> ".....<u>ejerce una función pública</u> que consiste en recibir,
> interpretar y dar forma legal a la voluntad de las partes, dar
> fe de los hechos, <u>redactar los documentos adecuados a ese fin</u>,
> conferirles autenticidad, conservar los originales de éstos,
> y expedir copias que den fe de su contenido. <u>En dicha función
> el notario puertorriqueño representa la fe pública y la ley para
> todas las partes.</u>" <u>In re: Colón Muñoz</u>, 131 D.P.R. 121, 127-128
> (1992). (Enfasis suplido.)

Inherente a esa función, y como parte integrante e indispensable de la misma, el notario viene en la obligación de <u>orientar y aconsejar</u>, a ambas partes, sobre cuál es el mejor "camino a seguir" para lograr el fin querido por éstas, esto es, de qué mejor forma y manera se puede lograr el propósito perseguido. En ese sentido, <u>somos del criterio que el notario Igartúa Muñoz faltó a su deber al no orientar a las partes adecuadamente sobre otras alternativas en que se podía llevar a cabo el negocio jurídico que estas pretendían</u>.

**No hay duda de que las partes hubieran logrado el mismo resultado si el notario Igartúa Muñoz, en lugar de autorizar una <u>escritura pública</u> de opción de compra, le hubiera aconsejado a éstos la redacción, y firma, de un <u>contrato privado</u> de opción de compra; <u>documento privado por el cual sus honorarios hubieran sido mucho más reducidos</u>. No lo hizo; desde ese punto de vista, y a pesar de que les aconsejó la otorgación de un instrumento público que resultaba correcto desde un punto de vista jurídico, <u>el notario en controversia incumplió con su deber de asesorar a las partes sobre otras alternativas, posiblemente más convenientes y satisfactorias a sus mejores intereses y propósitos</u>.**

**De todas maneras, e independientemente de lo anteriormente señalado, <u>el notario Igartúa Muñoz en relación con el documento público que otorgó cobró honorarios excesivos</u>. Debe recordarse que, a pesar de que el valor total de la residencia objeto del contrato de opción de compra era de $140,000.00, <u>el "negocio jurídico" objeto de la escritura pública otorgada lo fue una opción de compra por el precio de $5,000.00</u>.[7] Siendo ello así,**

---

[7] **Los honorarios a cobrarse por el notario en el caso que ocupa nuestra atención <u>necesariamente</u> tenían que ser respecto a la suma de $5,000.00, siendo ese el valor del negocio jurídico llevado a cabo, esto es, una opción de compra. De otra forma,**

la suma total que podía exigir el notario, por el otorgamiento de la escritura y el gasto en sellos, <u>era $142.80</u>.[8]

En consecuencia, habiendo el notario cobrado la suma de $700.00, por concepto de sus honorarios, más la cantidad de $232.00 por concepto de sellos, para un total de $932.00, y siendo la suma total correcta la de $142.80, éste <u>cobró en exceso</u> la suma de $789.20, <u>la cual el referido notario viene en la obligación de devolver, inmediatamente, a la Sra. Lozano Sotomayor</u>.[9]

### III

No obstante lo anteriormente señalado, somos del criterio que, dados los hechos particulares del caso, resulta procedente, como medida disciplinaria a imponerse en el mismo, una amonestación.

En el presente caso, ninguna persona sufrió perjuicio alguno por razón de que el abogado notario Igartúa Muñoz no observara las disposiciones del antes citado Artículo 29 de la Ley Notarial de Puerto Rico, asunto que se convirtió en académico. Por otro lado, hay que reconocer el hecho de que las partes, al acudir a las oficinas del mencionado abogado notario, le informaron a éste que interesaban otorgar una escritura pública de opción de compra.

---

en caso de que los honorarios se computasen sobre el valor total de la propiedad, de ejercerse la opción, la transferencia del bien exigiría forzosamente el <u>pago doble</u> de honorarios de abogado por la suma de $140,000.00.

[8] La suma de $142.80 se desglosa de la siguiente manera: $100.00 de honorarios notariales por la otorgación de la escritura, 4 L.P.R.A., sec. 2131(a); $15.00 de honorarios notariales por la copia certificada, 4 L.P.R.A., sec. 2131(e); $4.00 en sellos de rentas internas para la escritura original, 4 L.P.R.A. sec. 851(d); $1.80 en sellos de rentas internas para la copia certificada, 4 L.P.R.A. sec. 851(d); $2.00 en sellos de Asistencia Legal, 4 L.P.R.A. sec. 2021; $10.00 para el comprobante de inscripción, 30 L.P.R.A. sec. 1767(a)Número Dos(a) y (g); y, $10.00 para el comprobante de presentación, 30 L.P.R.A. sec. 1767(c).

[9] No surge de los autos del caso que el notario haya hecho otras gestiones que le permita el cobro de honorarios en exceso a los establecidos en la Ley para el otorgamiento de la escritura de opción. 4 L.P.R.A. sec. 2132.

Habiendo cobrado honorarios en exceso, se instruye al notario Armengol Igartúa Muñoz para que, de manera inmediata, proceda a devolverle a la Sra. Ileana Lozano Sotomayor la suma de $789.20 y a acreditarnos ese hecho mediante escrito al efecto.

Se apercibe al abogado notario Armengol Igartúa Muñoz para que en el futuro observe, de manera más rigurosa, las disposiciones de la Ley Notarial de Puerto Rico y la de los Cánones de Etica Profesional.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**In re:**

**Armengol Igartúa Muñoz**                    **AB–2000–109**


**SENTENCIA**

**San Juan, Puerto Rico, a 2 de febrero de 2001**


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia amonestando al notario Armengol Igartúa Muñoz, apercibiéndosele para que en el futuro observe, de manera más rigurosa, las disposiciones de la Ley Notarial de Puerto Rico y la de los Cánones de Etica Profesional. Se instruye al referido notario para que, inmediatamente, proceda a devolverle a la Sra. Ileana Lázaro Sotomayor la suma de $789.20; hecho que deberá acreditar ante este Tribunal mediante la radicación del escrito correspondiente.


Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo