*In re* ELSA A. GONZÁLEZ VÉLEZ.

*Número:* AB-2000-110        *Resuelto:* 16 de abril de 2002

*Paquita Roig Ellinger*, abogada de la parte querellante; *Edgardo Ortiz Bauzá*, Director Interino de la Oficina de Inspección de Notarías; *Elsa A. González Vélez, pro se.*

PER CURIAM:

# I

El 11 de agosto de 2000, la Sra. Paquita Roig Ellinger (en adelante Sra. Roig Ellinger o quejosa) presentó una queja contra la Lcda. Elsa Ariadna González Vélez (en adelante Lcda. González Vélez) en su carácter como notaria. La quejosa alegó que debido a la falta de diligencia de la Lcda. González Vélez, al ésta no inscribir la compra de un inmueble en el Registro de la Propiedad, aquélla incumplió con los pagos hipotecarios ya que no pudo refinanciar la propiedad para obtener el dinero que necesitaba y, consiguientemente, los acreedores hipotecarios instaron acción para ejecutar las hipotecas que gravaban la propiedad.

La escritura de compraventa que motivó la queja fue la Escritura Núm. 5 otorgada por el Sr. César Vázquez Class como vendedor (en adelante Sr. Vázquez Class o vendedor) y la Sra. Roig Ellinger como compradora, ante la Lcda. González Vélez el 1ro de agosto de 1997. En ésta, la licenciada expresó que el vendedor adquirió la mitad del valor de la propiedad por un Contrato de Cesión de Participación Hereditaria el 15 de diciembre de 1995 por Affidávit Núm. 31,233 ante notario público. La licenciada dio fe de haberles hecho las advertencias legales pertinentes, en especial la necesidad de que dicha escritura fuese inscrita en el Registro de la Propiedad (en adelante Registro) para que el negocio tuviese efecto contra tercero. La Escritura Núm. 5, tal y como fue otorgada el 1ro de agosto de 1997, no se inscribió en el Registro.

Ante la queja presentada por la Sra. Roig Ellinger, decidimos remitirla a la Directora de la Oficina de Inspección de Notarías para que rindiese el respectivo informe. En el Informe se concluyó que "sin lugar a dudas, en su labor como notario la licenciada González Vélez incurrió en un claro error de derecho al evaluar los antecedentes de la

propiedad involucrada ...". Expresó que el Art. 1232(4) del Código Civil, 31 L.P.R.A. sec. 3453(4), exige que el contrato de cesión de derechos hereditarios debe constar en documento público.

Una vez emitido el informe de la Oficina de Inspección de Notarías, la Lcda. González Vélez presentó su reacción escrita al mismo el 26 de febrero de 2001. En ésta, expresó que se había pactado entre las partes el que la Escritura Núm. 5 no se presentaría al Registro hasta que la compradora pagase lo acordado en la compraventa. Alegó que la compradora nunca hizo los pagos correspondientes. Expresó que el hecho de que el contrato de *Cesión de Participación Hereditaria* fuese hecho originalmente mediante declaración jurada, no contribuyó al procedimiento de ejecución de hipoteca por la falta de pago de la Sra. Roig Ellinger.

Con el beneficio del Informe de la Oficina de Inspección de Notarías y la reacción a éste por parte de la Lcda. González Vélez, procedemos a resolver.

## II

Los notarios redactarán las escrituras públicas de acuerdo con la voluntad de los otorgantes y adaptándola a las formalidades jurídicas necesarias para su eficacia. Art. 14 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2032. En el caso de autos, la voluntad de los otorgantes era efectuar la compraventa de un inmueble. Para darle eficacia a esa voluntad, una de las formalidades jurídicas requeridas era que la *cesión de derechos hereditarios* constara en escritura pública. Art. 1232(4) del Código Civil, 31 L.P.R.A. sec. 3453(4). De no poder adaptar la voluntad a las formalidades jurídicas requeridas, era su deber hacerle a los otorgantes las reservas y advertencias legales pertinentes. Art. 15(f) de la Ley Notarial de Puerto Rico, 4

L.P.R.A. sec. 2033(f).(¹) En *In re Raya*, 117 D.P.R. 797 (1986), expresamos que en sus funciones notariales, el abogado *tiene* la obligación de orientarse y orientar a sus otorgantes sobre los problemas que pueden surgir al emitirse escrituras de compraventa sobre predios de terrenos que aún no han sido segregados legalmente de la finca mayor, pues faltaba el permiso requerido por la agencia pertinente. En el caso de autos, surge del expediente que la Lcda. González Vélez incumplió con estas disposiciones al no orientarse ni orientar a los otorgantes sobre las consecuencias de no tener en escritura pública una cesión de derechos hereditarios.

Hemos expresado que a los abogados también les aplican los cánones del Código de Ética Profesional, en su carácter de notario. *In re Igartúa Muñoz*, 153 D.P.R. 315 (2001). El Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, le exige al abogado rendir una labor idónea de competencia y diligencia. A pesar de que este canon menciona esta labor idónea con relación al cliente, reiteradamente hemos interpretado que éste aplica a la labor del abogado-notario. Véanse: *In re González Maldonado*, 152 D.P.R. 871 (2000); *In re Martínez Ramírez*, 142 D.P.R. 329, 340–341 (1997); *In re Salichs Martínez*, 131 D.P.R. 481, 487–488 (1992); *In re Díaz García*, 104 D.P.R. 604, 608 (1976).

En el caso de autos, no existe relación entre la falta de la abogada y el incumplimiento de la quejosa con los pagos. Los pagos no se efectuaron, por lo que los acreedores ejecutaron su derecho contra la propiedad, independientemente que la Escritura Núm. 5 estuviese o no inscrita en el Registro.

Por lo antes expuesto, encontramos que la Lcda. González Vélez incumplió con los deberes que emanan del Canon

---

(¹) Aunque la Ley Notarial de Puerto Rico sufrió algunas enmiendas en 1995, en 1998 y en 1999, sólo las que aplican al caso de autos son las de 1995, pues el otorgamiento de la Escritura Núm. 5 fue el 1ro de agosto de 1997.

18 del Código de Ética Profesional, *supra*. Tomando en consideración como atenuantes el que la abogada posteriormente trató de rectificar su falta[2] y que ésta es la primera vez que incurre en una falta ética, la censuramos y le apercibimos que de seguir incurriendo en faltas éticas profesionales seremos más severos en la imposición de sanciones.

*Se dictará la correspondiente sentencia.*

---

[2] Entre estos factores están: (1) el presentar una demanda ante el tribunal de instancia para que el heredero que cedió la parte del inmueble al Sr. Vázquez Class otorgara una escritura pública de cesión de derechos hereditarios (basándose en el Affidávit Núm. 31,233 de Contrato de Cesión de Participación Hereditaria); (2) obtener sentencia favorable al respecto, y (3) hacer una escritura pública de ratificación, según la sentencia dictada.