EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Lcdo. Hernand Cruz Mateo | 2007 TSPR 136 <br><br> 171 DPR _____ |

Número del Caso: CP-2003-8


Fecha: 28 de junio de 2007


Oficina del Procurador General:

        Lcda. Yvonne Casanova Pelosi
        Procuradora General Auxiliar

        Lcda. Mariana D. Negrón Vargas
        Subprocuradora General

        Lcda.. Wanda I. Simona García
        Procuradora General Auxiliar


Abogado de la Parte Peticionaria:

        Lcdo. Jesús M. Jiménez


Materia: Conducta Profesional


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Lcdo. Hernand Cruz Mateo             CP-2003-8

PER CURIAM

San Juan, Puerto Rico, a 28 de junio de 2007.

I

El licenciado Hernand Cruz Mateo (en adelante el licenciado Cruz Mateo) fue admitido al ejercicio de la abogacía y del notariado los días 2 de enero y 9 de febrero del año 1990, respectivamente. Fue separado temporalmente de la abogacía y la notaría el 27 de junio de 2002. Luego, el 21 de noviembre de 2005, fue separado indefinidamente de la abogacía por hechos distintos a los que nos ocupan en el presente caso. El 9 de febrero de 2007 fue reinstalado a la abogacía, pero no a la notaría, la cual no ejerce desde el 27 de junio de 2002.

El 17 de marzo de 2003 el Procurador General nos presentó una querella en la que formuló cuatro

cargos en contra del licenciado Cruz Mateo por entender que éste había violentado: (1) el artículo 58 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2093, al no asignarle el número correspondiente a un testimonio autenticado por él; (2) el artículo 60 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2095, al no incluir el testimonio autenticado en el índice notarial, ni inscribirlo en el Registro de Testimonios; (3) el canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX C. 18, al no asesorar a sus clientes de forma diligente y competente; y, (4) el canon 35 de Ética Profesional, 4 L.P.R.A. Ap. IX C. 35, al no ajustarse a la verdad en la redacción de documentos.

El 30 de junio de 2003 ordenamos al ex Juez Superior Enrique Rivera Santana a que, en presencia de las partes y en calidad de Comisionado Especial, recibiera prueba y rindiera un informe con sus determinaciones de hecho y las recomendaciones que estimase pertinentes. Terminada su encomienda, el Comisionado Especial presentó el informe requerido. El licenciado Cruz Mateo presentó posteriormente una moción de reconsideración al informe del Comisionado Especial. El caso quedó sometido para nuestra adjudicación. Pasamos a resolver.

II

Relataremos los acontecimientos según surgen de las determinaciones de hecho del Informe del Comisionado Especial.

Don Neftalí Colón falleció el 21 de octubre de 1992, dejando como únicos y universales herederos a sus tres hijos: Jeffrey Neftalí Colón, Miguel Ángel Colón Morales y María de Lourdes Colón Morales (en adelante y en conjunto la Sucesión). Al momento de su muerte, don Neftalí era dueño de una estructura, objeto del contrato que dio lugar a la presente controversia. Esta estructura pasó, entonces, a manos de la Sucesión.

El 4 de enero de 1998 se otorgaron dos escrituras de protocolización de poder, a través de las cuales Julio Enrique Colón Santos (en adelante Colón Santos) protocolizó sendos poderes concedidos a su favor por Miguel Ángel y María de Lourdes Colón Morales. Mediante estos poderes, ambos hermanos autorizaron a Colón Santos para que vendiera la mencionada estructura. Aunque no existe un poder protocolizado en lo que respecta a Jeffrey Neftalí Colón, quien al momento de los hechos era menor de edad, su madre (la quejosa en este caso) también autorizó a Colón Santos para que representara a su hijo en la venta de la propiedad. De esta forma, el 31 de diciembre de 1999, Colón Santos, en representación de la Sucesión, y José Luis Díaz Vázquez suscribieron un documento intitulado "Contrato de compromiso de compraventa" sobre la referida estructura. El documento fue preparado por el licenciado Cruz Mateo y suscrito ante éste. El licenciado Cruz Mateo no le asignó número de testimonio a este documento, no lo incluyó en el índice notarial, ni lo registró en el Registro de Testimonios.

Sustantivamente, por sus propios términos y por las circunstancias que lo rodearon, el "Contrato de compromiso de compraventa" era en realidad un contrato de compraventa, pues surge que el comprador entró en la posesión inmediata del inmueble y que la parte vendedora recibió el dinero correspondiente, el cual fue depositado en una cuenta bancaria a su favor. En este negocio no medió la autorización judicial requerida por el artículo 159 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 616, para la enajenación de bienes inmuebles pertenecientes a menores de edad (o en los que menores de edad tengan alguna participación). *Ver* Zayas v. Reaxch Const. Co., Inc., 103 D.P.R. 190 (1974). No surge del documento ni de la prueba presentada que el licenciado Cruz Mateo haya advertido a las partes envueltas en el contrato sobre la obligación de procurar esta autorización judicial o sobre las consecuencias de no hacerlo.

III

Consistentemente hemos resuelto que la función del notario es dual. "Por un lado, sirve como agente instrumental del documento notarial, por el otro, es un profesional del Derecho con el deber de asesorar y aconsejar legalmente a los otorgantes". *In re* Rosado Nieves, 159 D.P.R. 746, 759 (2003), *citando In re* Colón Ramery, 133 D.P.R. 555 (1993). Así, la función notarial debe ejercerse con "cuidado y [...] sumo esmero y celo profesional, **cumpliendo estrictamente con la**

**Ley Notarial de Puerto Rico y los cánones del Código de Ética Profesional**". *In re* Pizarro Colón, 151 D.P.R. 94, 105 (2000).

El artículo 58 de la Ley Notarial de Puerto Rico, Ley Núm. 75 del 2 de julio de 1987, establece que:

> [l]os testimonios llevarán una numeración sucesiva y continua y serán encabezados por el número que corresponda, que será correlativo al de la inscripción en el Registro que más adelante se establece [el Registro de Testimonios]. 4 L.P.R.A. sec. 2093.

En cuanto al deber de inscribirlos en el Registro de Testimonios, el artículo 60 de la Ley decreta la nulidad de cualquier "testimonio no incluido en el índice [...] o que no se haya inscrito en el Registro de Testimonios". 4 L.P.R.A. sec. 2095.

El canon 18 de Ética Profesional, sobre el deber de competencia del abogado, establece, en lo pertinente al caso que nos ocupa, que "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". 4 L.P.R.A. Ap. IX C. 18. En *In re* González Vélez, 156 D.P.R. 580 (2002), establecimos que había violentado esta disposición del Código de Ética Profesional una notaria que no informó a los otorgantes de un contrato de compraventa sobre las consecuencias de no tener en escritura pública una cesión de derechos hereditarios. *In re* González Vélez, *supra*, pág. 583. De igual modo, en *In re* Raya, 117 D.P.R. 797 (1986), advertimos que había faltado a su deber de competencia y diligencia un notario que no orientó a sus

clientes sobre los problemas que surgirían al suscribir escrituras de compraventa sobre unos predios, cuando no mediaba el permiso de segregación de A.R.P.E. *In re* Raya, *supra*, pág. 803.

Por su parte, el canon 35 de Ética Profesional, sobre la sinceridad y honradez en el ejercicio de la profesión legal, claramente dispone que "[e]l abogado debe ajustarse a la sinceridad de los hechos al examinar los testigos, al redactar affidávit u otros documentos, y al presentar causas". 4 L.P.R.A. Ap. IX C. 35. En cuanto a la aplicación de este precepto a la función notarial, hemos enunciado que "es imprescindible que el notario observe la mayor pureza y honestidad en el descargo de la fe pública notarial". *In re* Vera Vélez, 148 D.P.R. 1, 7 (1999).

Según surge de las determinaciones de hecho contenidas en el Informe del Comisionado Especial, ya relatadas, el licenciado Cruz Mateo **no enumeró el testimonio, ni lo incluyó en su índice notarial ni en el Registro de Testimonios**. El licenciado Cruz Mateo, por su parte, aceptó haber incurrido en estas inadvertencias. No hace falta mayor análisis. Coincidimos, entonces, con el Comisionado Especial en cuanto a que el licenciado Cruz Mateo violó los artículos 58 y 60 de la Ley Notarial de Puerto Rico.

En cuanto a los otros dos cargos presentados por el Procurador General, observamos que, en el presente caso, la omisión del licenciado Cruz Mateo al no indagar, advertir y orientar a los otorgantes del contrato sobre la necesidad de

una autorización judicial para poder efectuar la enajenación del inmueble constituye, al igual que en los casos ya reseñados, una falta al deber de competencia que establece el canon 18 de Ética Profesional. El licenciado Cruz Mateo falló al no actuar de la forma que la profesión legal estima más responsable y al no demostrar el conocimiento jurídico adecuado para la gestión para la cual fue contratado. De la misma forma, faltó al deber de sinceridad en la redacción de documentos que impone el canon 35 de Ética Profesional al titular el documento aquí concernido "Contrato de compromiso de compraventa", cuando de los propios términos por él redactados surgía que lo pactado era una compraventa. Por tanto, coincidimos con el Comisionado Especial y concluimos que el licenciado Cruz Mateo violó los cánones 18 y 35 de Ética Profesional.

IV

Por todo lo anterior, resolvemos que el licenciado Cruz Mateo violó los artículos 58 y 60 de la Ley Notarial de Puerto Rico y los cánones 18 y 35 del Código de Ética Profesional. Sin embargo, conscientes de que las faltas aquí cometidas lo fueron dentro del ámbito de la función notarial del licenciado Cruz Mateo, y en vista de que no es notario desde el 27 de junio de 2002 y que nos ha manifestado su intención de no volver a serlo, lo amonestamos y lo apercibimos que, de volver a incurrir en faltas éticas o

profesionales, seremos mucho más severos en la imposición de sanciones.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Lcdo. Hernand Cruz Mateo                CP-2003-8


SENTENCIA


San Juan, Puerto Rico, a 28 de junio de 2007.


Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se amonesta al Lcdo. Hernand Cruz Mateo y le apercibimos que, de volver a incurrir en faltas éticas o profesionales, seremos mucho más severos en la imposición de sanciones.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Rivera Pérez no intervinieron.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo